JULIA A. FOLSOM *vs.* JOSEPH H. CRESSEY and others.

Kennebec. Opinion March 15, 1882.

*Poor debtor's disclosure. Record of inferior courts. Evidence.*

Inferior courts, such as magistrates hearing poor debtors' disclosures, are not required to make up full and formal records; their doings may be shown by their minutes and the original papers or certified copies; and the original papers are admissible whenever certified copies are.

Eleven days' notice to the creditor of a poor debtor's disclosure, although the statute prescribes fifteen, is sufficient if the creditor appears at the disclosure, and does not then object to the notice; the insufficiency of the notice is thereby waived.

The force of the regular minutes and papers in a poor debtor's disclosure cannot be overcome by a statement subsequently certified by the magistrates, a paper which is not legally a part of the regular proceedings.

A debtor need not swear to his disclosure taken in writing unless requested by the creditor so to do.

On exceptions from superior court.

Debt on a poor debtor's bond.

The questions presented by the exceptions and the facts bearing upon them are stated in the opinion.

*Bean and Beane*, for the plaintiff. There is nothing showing the appearance of the creditor, and the documents put in evidence by the defendants show no legal notice of the disclosure. R. S., c. 113, § 52; *Williams* v. *Burrill*, 23 Maine, 144; *Call* v. *Mitchell*, 39 Maine, 465; *Mace* v. *Woodward*, 38 Maine, 426.

There is no legal evidence of the organization of the justices' court nor or of their doings. The record was the best evidence and none was produced. *Paul* v. *Hussey*, 35 Maine, 97; *State* v. *Hall*, 49 Maine, 412; *Lewis* v. *Benner*, 51 Maine, 108; *Chamberlain* v. *Sands*, 27 Maine, 458; *Bank* v. *Treat*, 18 Maine, 340; *Williard* v. *Whitney*, 49 Maine, 235; *Ayer* v. *Fowler*, 30 Maine, 347; *Spaulding* v. *Record*, 65 Maine, 220.

*S. and L. Titcomb*, for the defendants, cited: *Baker* v. *Holmes*, 27 Maine, 153; *Lowe* v. *Dore*, 32 Maine, 27; *Neal* v. *Paine*, 35 Maine, 158; *Waterhouse* v. *Cousins*, 40 Maine, 333; *Pike* v. *Harriman*, 39 Maine, 52; *Granite Bank* v. *Treat*, 18 Maine, 342; 1 Greenl. Ev. § 513; *Page* v. *Plummer*, 10 Maine, 334; *Moore* v. *Bond*, 18 Maine, 144; *Lord* v. *Skinner*, 9 Allen, 376; *McInerny* v. *Samuels*, 125 Mass. 427; *Palmer* v. *Dougherty*, 33 Maine, 502; *Bailey* v. *McIntire*, 35 Maine, 107; *Sanborn* v. *Keazer*, 30 Maine, 457; *Smith* v. *Brown*, 61 Maine, 73.

Peters, J. In this action, debt upon a poor debtor's bond, the defendants introduced in evidence, to prove a disclosure by the debtor, the citation to the creditor and officer's return thereon,

the record of disclosure and the certificate of discharge issued by the justices.

This documentary evidence was objected to by the plaintiff because it consisted of original papers, the plaintiff contending that the only proper evidence to establish a defense, would be an extended and certificated record. But original papers are admissible where certified copies are. Either is just as good evidence as the other. Both are original evidence. The record of disclosure, as usually kept by justices, is not a full description of all the proceedings, and may be aided and extended by other papers, if there are not contradictions between them. Such inferior courts are not required to make up full and formal records, and their doings may be shown by their minutes and the original papers or certified copies. *Knox* v. *Silloway*, 10 Maine, 201; *Chamberlain* v. *Sands*, 27 Maine, 458; *State* v. *Bartlett*, 47 Maine, 396; *Sawyer* v. *Garcelon*, 63 Maine, 25.

The plaintiff contends that the service of the citation was not good, eleven days' notice being given instead of fifteen. The answer to this objection is, that the creditor appeared and participated in the disclosure, and made no objection to the notice. The deficiency of notice was waived. Had an objection been made, there would have been time enough for a new notice before the forfeiture of the bond. *Moore* v. *Bond*, 18 Maine, 144; *Randall* v. *Bowden*, 48 Maine, 37; *Smith* v. *Brown*, 61 Maine, 70.

The plaintiff introduced at the trial a written disclosure signed by the debtor, upon which the magistrates, under date of April 25, 1879, certify that the disclosure was taken on December 24, 1878, the papers submitted in evidence by the defendants showing that the proceeding took place on December 7, 1878. The plaintiff contends that this certificate nullifies the evidence of disclosure relied upon by the defendants. There is an unexplained discrepancy between the papers. But there is much more certainty that the defendants' papers represent the real proceeding than that the paper introduced by the plaintiff does. The citation was returnable on the seventh of the month. The record of disclosure shows that upon that day the oath was

administered. The certificate declares the same thing. These papers are *prima facie* evidence of a discharge of the debtor on that day. *Dunham* v. *Felt*, 65 Maine, 218. While the certificate upon the disclosure is in no proper sense a record or minute of record required by law. *Randall* v. *Bradbury*, 30 Maine, 256; *English* v. *Sprague*, 33 Maine, 440.

The plaintiff further contends that the discharge of the debtor was improperly granted because the written disclosure was not sworn to. He was not requested to swear to it. There was no error in the proceedings on that account. R. S., c. 113, § 29.

*Exceptions overruled.*

APPLETON, C. J., WALTON, BARROWS, DANFORTH and LIBBEY, JJ., concurred.